■ PAUL G. CAPO et al., Appellants, v JOHN P. DESMOND, Individually and as Parent and Natural Guardian of PETER J. DESMOND, an Infant, et al., Respondents, et al., Defendants.—In a negligence action to recover damages for personal injuries, the plaintiffs appeal from an order of the County Court, Suffolk County (Dounias, J.), dated March 13, 1986, which denied their motion to set aside the verdict which was in favor of the defendants on the issue of liability, and for a new trial.

Ordered that the order is modified by deleting the provision thereof which denied that branch of the motion which was to set aside the verdict in favor of defendants Desmond and against the plaintiffs on the issue of liability and for a new trial of the action insofar as it pertains to those defendants and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiffs payable by the defendants Desmond.

We find merit to the plaintiffs' contention that the verdict in favor of the defendants Desmond was against the weight of the evidence, and that a new trial as to these defendants is, therefore, warranted.

It was disclosed during the joint trial involving a four-vehicle collision that a pickup truck operated by the defendant Peter Desmond, and owned by his father, the defendant John Desmond, which was traveling in an easterly direction, crossed the double yellow lines separating the eastbound and westbound lanes of the Jericho Turnpike. There ensued a collision between the pickup truck and the vehicles driven by the defendants Gardella and Sienkiewicz, and the plaintiffs

Paul G. and Lydia Capo. The latter three vehicles had been traveling in a westbound direction.

The jury, as reflected by its verdict, ultimately concluded that the unexpected presence of the Desmond vehicle, in a lane of oncoming traffic, proximately caused the collision insofar as it pertained to the Gardella vehicle. The jury, however, found no liability on the part of the Desmonds for the injuries sustained by the Capos. Such an inconsistent verdict cannot be permitted to stand.

The accident in issue, which was in the nature of a chain reaction, constituted a single, instantaneous event. Thus, there is no rational basis by which the jury could conclude that the defendants Desmond bore no responsibility for the damages sustained by the Capos, while simultaneously finding these defendants accountable for Gardella's injuries. Rather, the jury's conclusion that the occurrence was precipitated by the sudden entry of the Desmond vehicle into the flow of opposing traffic must logically extend to all of the vehicles involved in the collision (see, Tenenbaum v Martin, 131 AD2d 660; Koster v Fenton, 84 AD2d 783; France v Shannon, 36 AD2d 651). We therefore direct that a new trial be conducted so that the jury may determine the extent to which the defendants Desmond proximately caused the injuries sustained by the plaintiffs.

In view of our determination that a new trial is warranted, we take this opportunity to note that the trial court, in its instructions to the jury, should explain the concept of concurrent causes (see, PJI 2:71) and that any charge pertaining to alleged violations of the Vehicle and Traffic Law must be defined in terms of proximate cause (see, PJI 2:29; Nielsen v City of New York, 38 AD2d 592, appeal dismissed 30 NY2d 568). Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.