In the Matter of STEVEN MYERS, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [711 NYS2d 920] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was found guilty of drug use in

violation of a prison disciplinary rule after a sample of his urine twice tested positive for the presence of cannabinoids. To the extent that petitioner raises a substantial evidence issue herein, we find that the misbehavior report, the results of two urinalysis tests—establishing that petitioner's urine tested positive for the presence of cannabinoids—and the testimony of the correction officers who obtained the sample and performed the testing, provided sufficient evidentiary support for the determination of guilt (see, Matter of Byas v Goord, 272 AD2d 800). Petitioner also contends that his alleged ingestion of motrin, containing ibuprofen, for a knee injury could have caused a false-positive result. Notably, petitioner failed to raise this issue during the hearing and thereby this issue has not been preserved for our review (see, Matter of Di Salvo v Selsky, 260 AD2d 874). Moreover, the Hearing Officer did not abuse his discretion in refusing to reopen the hearing after he had made his final determination, especially in light of the three day adjournment already granted to petitioner allowing him to obtain additional proof (see, Matter of Groht v Sobol, 198 AD2d 679, 682).

We also reject petitioner's contention that he suffered prejudice due to the random drug sampling. The evidence sufficiently demonstrated that the drug testing was performed in accordance with applicable procedures and that the chain of custody was adequately established (see, 7 NYCRR 1020.4 [e]; Matter of Terry v Goord, 272 AD2d 701). Petitioner's remaining arguments, including his claim of ineffective employee assistance, have been examined and found to be without merit.

Mercure, J. P., Spain, Carpinello, Graffeo and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.