■ ROBERT J. DOYLE, Respondent, et al., Plaintiff, v EDGAR NUSSER et al., Appellants. [733 NYS2d 84] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an amended judgment of the Supreme Court, Richmond County (Ponterio, J.), dated May 1, 2000, as, upon a jury verdict, is in favor of the plaintiff Robert J. Doyle and against them in the principal sum of $415,000 for past pain and suffering.

Ordered that the amended judgment is affirmed insofar as appealed from, with costs.

The defendants argue that the Supreme Court erred in denying their motion to strike all of the testimony of the injured plaintiff's treating physician, Dr. Peter Godsick, and, further, that the delay in giving a curative instruction with respect to Dr. Godsick's testimony constituted an error warranting a mistrial. However, the defendants did not move for a mistrial before the Supreme Court on either of those grounds. Moreover, they failed to object to the striking of only part of Dr. Godsick's testimony and to the delayed curative instruction. Therefore, these arguments are not preserved for appellate review (*see, Ritz v Lee,* 273 AD2d 291). The defendants also argue that the Supreme Court erred in giving a curative instruction to the jury to disregard the injured plaintiff's testimony that he "lost his house," since it only served to emphasize that testimony. Since the defendants failed to object to the curative instruction as given, this issue is also unpreserved

for appellate review (*see, Matter of Myers v Goord,* 274 AD2d 801; *Marek v DePoalo & Son Bldg. Masonry,* 240 AD2d 1007, 1009).

The amount of damages to be awarded for personal injuries is primarily a question for the jury (*see, Schare v Welsbach Elec. Corp.,* 138 AD2d 477, 478), and may be set aside only when it deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]). Considering the nature and the extent of the injuries sustained by the injured plaintiff, including the aggravation of his back injury, the resulting scar from the back surgery he was required to undergo, and the severe facial scarring, the award of damages for past pain and suffering does not deviate materially from what would be reasonable compensation (*see, Orris v West,* 189 AD2d 866). We also find that the testimony of the injured plaintiff's expert was sufficient to submit a question to the jury as to whether the injured plaintiff suffered an aggravation of his back condition. The jury was entitled to accept the opinion of the plaintiff's expert and reject the testimony of the defendants' expert (*see, Connolly v Pastore,* 203 AD2d 412, 413). Santucci, J. P., Altman, Townes and Crane, JJ., concur.