In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Dowd, J.), entered May 10, 2002, which, upon the granting of the plaintiff’s motion pursuant to CELR 4401 for judgment as a matter of law on the issue of liability and upon a jury verdict on the issue of damages awarding the plaintiff $40,000 for past pain and suffering and $315,000 for future pain and suffering, is in favor of the plaintiff and against them.
Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provision thereof awarding the plaintiff damages for future pain and suffering, and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the appellants, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to future pain and suffering from the sum of $315,000 to the sum of $135,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.
The defendants’ contention that the jury’s responses to the interrogatories were internally inconsistent is unpreserved for appellate review, as no objection to the verdict was made on this ground before the jury was discharged (see Barry v Manglass, 55 NY2d 803, 806 [1981]; Delacruz v Galaxy Elec., 300 AD2d 278 [2002]; Reese v New York City Bd. of Educ., 297 AD2d 793 [2002]).
The defendants further contend that the Supreme Court committed reversible error in permitting the plaintiffs expert to read from a magnetic resonance imaging (hereinafter MRI) report, which was not in evidence, regarding the condition of the plaintiffs lower back (see Adkins v Queens Van-Plan, 293 AD2d 503 [2002]). However, the Supreme Court later instructed *506 the jury that the MRI report was not in evidence and to “please disregard any reading of that particular MRI report.” Although the defendants argue on appeal that this curative instruction was inadequate, they failed to object or request a further instruction. Therefore, the claim, also, is unpreserved for appellate review (see Doyle v Nusser, 288 AD2d 176 [2001]).
During the trial, the Supreme Court precluded the testimony of one of the defendants’ experts. On appeal, the defendants contend that the ruling was erroneous based on 22 NYCRR 202.17. This contention is unpreserved for appellate review, as the parties’ arguments concerning this witness took place, for the most part, off the record, and there is no indication that the arguments now made on appeal concerning 22 NYCRR 202.17 were raised before the Supreme Court (see Panzarino v Carella, 247 AD2d 521 [1998]; see also Jones v Brilar Enters., 184 AD2d 1077 [1992]). We decline to review the unpreserved issues raised by the defendants.
The damages award for future pain and suffering deviates materially from what would be reasonable compensation to the extent indicated (see CPLR 5501 [c]). Ritter, J.P., Goldstein, Townes and Cozier, JJ., concur.