◼ In the Matter of ERIC ODOME, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [779 NYS2d 603]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate, submitted a urine specimen in connection with his planned participation in the family reunion program. After the specimen tested positive for the presence of cannabinoids, he was denied participation in the program and was charged in a misbehavior report with, among other things, unauthorized use of a controlled substance. Following a tier III

disciplinary hearing, petitioner was found guilty of this charge. The determination was affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. Initially, inasmuch as petitioner did not object at the disciplinary hearing to the sufficiency of the misbehavior report or the adequacy of the foundation established for admission of the drug test results, these claims are not preserved for our review (*see Matter of Tankleff v Senkowski*, 3 AD3d 621, 622 [2004], *lv denied* 2 NY3d 703 [2004]; *Matter of Lorino v Murphy*, 309 AD2d 1037, 1038 [2003]). As to petitioner's assertion that he was denied adequate employee assistance, we find it unpersuasive. The assistant cannot be faulted for failing to provide petitioner with documentation that did not exist (*see Matter of Tafari v Selsky*, 308 AD2d 613, 613-614 [2003], *lv denied* 1 NY3d 503 [2003]). The record as a whole discloses that petitioner was provided meaningful assistance and was not prejudiced by the assistant's alleged shortcomings (*see Matter of Claudio v Selsky*, 4 AD3d 702, 703 [2004]).

Contrary to petitioner's claim, we find no deficiencies in the chain of custody of his urine specimen which rendered the drug test results unreliable. The request for urinalysis test form set forth the dates and times the urine specimen was collected, stored and removed from the refrigerator, and destroyed, as well as the names of the correction officers handling it. The correction officer who tested the specimen provided a detailed description of the handling of the sample and indicated that, although he left it unattended for a period of time while it reached room temperature, it was maintained in a secure location at all times. The evidence establishes that the appropriate procedures were followed and that the chain of custody was properly maintained (*see* 7 NYCRR 1020.4 [e]; *Matter of Myers v Goord*, 274 AD2d 801, 802 [2000]). The positive test results, supporting documentation and testimony of the correction officers who had access to the specimen provide substantial evidence supporting the determination of petitioner's guilt (*see Matter of Hernandez v Selsky*, 296 AD2d 677 [2002]; *Matter of Myers v Goord, supra* at 802).

Crew III, J.P., Peters, Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.