■ WITOLD KOLASA, Plaintiff, v ARAB AHMED et al., Appellants, and MARIA TAVERAS, Respondent. [784 NYS2d 49]—

Order, Supreme Court, New York County (Kibbie F. Payne, J.), entered December 17, 2003, which, in an action for personal injuries arising out of a three-car accident, granted defendant-respondent's motion to set aside the verdict apportioning li-

ability 65% as against her and 35% as against appellants driver and owner of a taxi, vacated the jury's apportionment of liability, dismissed the complaint as against defendant-respondent as a matter of law, and directed a trial on the issue of damages as between plaintiff and appellants, unanimously affirmed, without costs.

No valid line of reasoning or permissible inferences could lead to the conclusion that defendant-respondent was at fault for this accident, given uncontroverted evidence that her vehicle was standing still at a traffic light with plaintiff in front of her when struck from behind by appellants' vehicle, thereby being propelled into the rear of plaintiff's car. Appellant taxi driver had been precluded from testifying, and appellants' claims that defendant-respondent stopped short and/or collided with plaintiff before she herself was hit are utterly without evidentiary support and fail to rebut the presumption that the accident was caused by their negligence (*see Burns v Gonzalez*, 307 AD2d 863, 865 [2003], *overruled in part on other grounds by Brill v City of New York*, 2 NY3d 648 [2004]; *Mullen v Rigor*, 8 AD3d 104 [2004]). Concur—Tom, J.P., Sullivan, Lerner, Gonzalez and Catterson, JJ.