■ In the Matter of JOHNNY RAMOS, Petitioner, v NEW YORK CITY DEPARTMENT OF CORRECTION, Respondent. [815 NYS2d 461]—

In this proceeding challenging respondent's determination, dated May 13, 2005, after a hearing, which found petitioner to have tested positive for illegal substances while in confinement, and sentenced him to 30 days' punitive segregation and loss of 30 days' "good time" credit (transferred to this Court pursuant to CPLR 7804 [g] by order of the Supreme Court, New York County [Rolando T. Acosta, J.], entered on or about December 1, 2005), the application unanimously denied and the cross motion to dismiss granted, without costs.

Petitioner failed to exhaust his administrative remedies. He asserts he filed an administrative appeal from the disciplinary determination, but it was not decided. Even if the administra-

tive determination had been ripe for challenge, a CPLR article 78 proceeding must be commenced within four months after the determination becomes final and binding (CPLR 217 [1]; *Matter of Yarbough v Franco*, 95 NY2d 342 [2000]). This petition was brought more than six months after petitioner became aggrieved, and was thus untimely.

Were we to consider the merits, we would confirm on the ground that the determination, based on testing after 30 days' confinement under the new drug protocol, was supported by substantial evidence (*Matter of Myers v Goord*, 274 AD2d 801 [2000]). Concur—Tom, J.P., Marlow, Gonzalez, Sweeny and Catterson, JJ.