[841 NYS2d 486]

PELAYO RODRIGUEZ et al., Appellants, v BUDGET RENT-A-CAR SYSTEMS, INC., et al., Respondents.

First Department, August 23, 2007

## APPEARANCES OF COUNSEL

*Pollack, Pollack, Isaac & DeCicco*, New York City (*Brian J. Isaac* and *Kenneth J. Gorman* of counsel), and *Block & O'Toole*, New York City, for appellants.

*Morris, Duffy, Alonso & Faley, LLP*, New York City (*Anna J. Ervolina, Joan Martino Faley* and *Andrea M. Alonso* of counsel), for respondents.

## OPINION OF THE COURT

TOM, J.P.

In this rear-end collision case, plaintiffs appeal from an order which denied their motion to set aside the jury verdict in favor of defendants on grounds, inter alia, that the verdict was against the weight of the evidence, irrevocably inconsistent or the consequence of alleged confusing and improper charges on the issues of proximate causation and comparative negligence.

The complaint alleges that plaintiff Pelayo Rodriguez sustained severe personal injuries as a result of a motor vehicle collision. The accident occurred at the intersection of Leggett Avenue and Barry Street in Bronx County on January 8, 2000 at approximately 5:40 P.M. when the 1992 Lincoln Town Car he was driving was struck in the rear by a Ford truck owned by defendant Budget Car and Truck Rental and operated by defendant Harol A. Infante. The complaint assigns fault to Infante, inter alia, for failing to maintain a safe distance and for operating the truck at an inappropriate speed under the circumstances (Vehicle and Traffic Law §§ 1129, 1180). The verified bill of particulars, as supplemented, claims that Rodriguez sustained severe injuries to the lumbar and cervical spine, causing disc herniation at C3-C4, C4-C5 and C5-C6 and requiring surgical fusion of the L4 through S1 vertebrae; to both knees, resulting in arthroscopic surgery bilaterally and the anticipated need for total bilateral knee replacement; and to the brain, including post-concussion syndrome and bilateral TMJ pain. Plaintiff Barbara Rodriguez, his wife, sues derivatively.

At trial, Pelayo Rodriguez, who was 45 years old at the time of the accident, testified that he had been stopped for a red traffic signal for 40 seconds to a minute when his automobile was

struck from behind. He stated that the impact moved the Town Car about five feet into the intersection. Rodriguez was transported by ambulance to Jacobi Hospital, where he was examined and released without being referred to the radiology department for X rays. On cross-examination, Rodriguez stated that he was unaware that the ambulance drivers reported he had been involved in a low-speed accident with minimal damage to his vehicle.

Infante testified that the truck he was driving was rented from Budget for the purpose of making food deliveries for his employer, nonparty Caribe Bay Import. Infante stated that he pulled in behind the Town Car, which was stopped at a red traffic signal. When the light turned green, it moved forward, and Infante followed. He was accelerating and traveling at about five miles an hour when, without signaling a turn, the Town Car suddenly stopped. Infante "hit the brakes" and steered to the right, but was unable to avoid a collision. He described the impact as "light," although on cross-examination it was elicited that, at his deposition, he had described the force of the collision as both "medium" and "light."

Robert Crespedes, who was Infante's coworker and front-seat passenger, corroborated Infante's testimony. He stated that Rodriguez had stopped in the intersection as though lost and did not signal a turn. The witness described the collision as "a little tap" that was not enough to propel the Town Car forward.

The court instructed the jury that the "[b]urden of proof rests upon the plaintiffs in this case. No one else. This means that it must be established by a fair preponderance of the evidence that all claims made by the plaintiffs are true." The court defined common-law negligence and proximate cause. It read the provisions of the Vehicle and Traffic Law alleged to have been violated by Infante and delivered detailed instructions with respect to each party's burden of proof as to negligence, comparative negligence and proximate cause:

> "In considering the evidence in this case, you, the jury, must determine whether . . . the plaintiff has proven that the defendant failed to comply with one or more of those statutes. If you find that Mr. Infante did violate one or more of those provisions, such a violation constitutes negligence. . . .

> "Now, if you find that the defendant, Mr. Infante, was negligent and that his negligence contributed in

causing the accident, you must next consider whether Mr. Rodriguez, plaintiff, was also negligent, and whether his conduct contributed to causing the accident. All right?

"Now, the burden is on the defendant, Mr. Infante, to prove that the plaintiff, Mr. Rodriguez, was negligent and that his negligence contributed to causing the accident. If you find that the plaintiff, Mr. Rodriguez, was not negligent, or if he was negligent that negligence did not contribute to causing the accident, then you should go no further and report your findings to the court."

After the court delivered the jury charge, plaintiff's attorney announced that he had "a couple of issues." As pertinent to this appeal, counsel stated, "On proximate cause, Your Honor omitted to say that there may be more than one cause of an accident. That was specifically omitted from Your Honor's charge." Without waiting for a response, counsel proceeded to voice his objection to portions of the court's instructions with respect to serious injury. The court then gave the jury further instructions distinguishing serious injury that results from the limitation of use of a body part, organ or function from serious injury that results from the permanent loss of use of a body part, organ or function. However, the court did not provide a further charge as to concurrent cause. Counsel raised no objection to these supplemental instructions.

The jury returned a verdict in favor of defendants. In response to the first question included on the verdict sheet, "Was the defendant Harol A. Infante negligent?" the jury answered "Yes." However, in response to the second question, "Was this negligence a substantial contributing factor in causing the accident of January 8, 2000?" the jurors responded "No." Plaintiffs thereupon moved for an order setting aside the jury verdict as against the weight of the evidence (CPLR 4404 [a]). The court denied the application, ruling that "the evidence herein was clearly such that the trier of fact could find that the plaintiff stopped suddenly, without signaling an intention to turn or stop, and without the use of directional signals, that was the sole proximate cause of the accident."

On appeal, plaintiffs contend that the jury's finding that Infante was negligent is inconsistent with the finding that his negligence was not a factor that substantially contributed to causing the accident. They argue that Infante's negligence "had

to be at least a proximate cause of the accident" and that the jury verdict is therefore against the weight of the evidence. They further speculate that the verdict was the result of confusion resulting from the court's charge to the jury:

> "It was not told that there may be more than one cause of an accident; it was told that plaintiff had the sole burden of proof in the case, without further elaboration. . . . The later charge that defendant had the burden of proving plaintiff's negligence and that it contributed to the accident . . . failed to clarify the prior statement."

There is no merit to plaintiffs' assertions as to burden of proof. The court's instructions on the burden of proof, quoted above, viewed in their entirety, correctly communicated to the jury the evidentiary burden imposed upon the respective parties. The statement that plaintiffs bear the "sole" burden of proof was immediately followed by the statement, "This means that it must be established by a fair preponderance of the evidence that all claims made by the plaintiffs are true." Taken together with the court's subsequent instruction that "the burden is on the defendant, Mr. Infante, to prove that the plaintiff, Mr. Rodriguez, was negligent and that his negligence contributed to causing the accident," the charge as a whole accurately delineated each party's burden of proof.

Plaintiffs did not preserve their objection to the court's failure to give an instruction "that there may be more than one cause of an accident." Counsel never registered any further objection either to the supplemental instruction delivered by the court or to the content of the verdict sheet (see Doyle v Seney, 221 AD2d 828, 829 [1995]). Thus, the objection is unpreserved for appellate review (see Bichler v Eli Lilly & Co., 55 NY2d 571, 583 [1982] [unrenewed objection abandoned or withdrawn]; Bellefeuille v City & County Sav. Bank, 40 NY2d 879, 880 [1976]).

Were this Court to entertain plaintiffs' argument, we would find it to be without merit. The charge requested by plaintiffs states:

> "There may be more than one cause of an injury. Where the independent and negligent acts or omissions of two or more parties cause injury to *another*, each of those negligent acts or omissions is regarded as a cause of that injury provided that it was a

substantial factor in bringing about that injury" (PJI 2:71 [2007] [emphasis added]).

The pattern charge contemplates circumstances under which injury to a plaintiff results from the negligent acts of two or more tortfeasors (*e.g. Commisso v Meeker*, 8 NY2d 109, 117 [1960]). Because the accident at issue did not result from a confluence of negligence on the part of multiple tortfeasors so as to warrant such an instruction (*cf. Capo v Desmond*, 137 AD2d 780, 781 [1988] [four-vehicle collision]), the court properly declined to charge the jury in accordance with plaintiffs' request (*Getlin v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 117 AD2d 707, 708 [1986]).

With respect to plaintiff's comparative negligence, the court's instructions on proximate cause (PJI 2:70 [2007]) clearly indicated that the case involved a two-vehicle collision that resulted from the negligent operation of a motor vehicle, whether by Harol Infante, Pelayo Rodriguez or both. The court charged PJI 2:70, which provides in pertinent part that "[t]here may be more than one cause of an injury, but to be substantial, it cannot be slight or trivial. You may, however, decide that a cause is substantial even if you assign a relatively small percentage to it." Thus, the court adequately charged that there may be more than one cause of an injury. Finally, the jury, in its deliberations and by its two notes to the court, gave no indication of any confusion with the instructions on the issues of proximate cause or comparative negligence.

In any event, the confusion in this matter arises not from any misapprehension of the law to be applied to the facts by the jury but from uncertainty with respect to what, exactly, the jury decided. The elements of a cause of action in negligence are "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof" (*Akins v Glens Falls City School Dist.*, 53 NY2d 325, 333 [1981]). The difficulty with the verdict returned by the jury in this case is the direct consequence of the court's charge and the language of the verdict questionnaire. As noted by this Court in *Bustamante v Westinghouse El. Co.* (195 AD2d 318 [1993]), the question of whether a defendant's negligence was a contributing cause of the accident is distinct from the question of whether the accident caused the injuries alleged to have been sustained by the plaintiff.

In *Bustamante*, the plaintiff claimed that he suffered injury to his back, neck and shoulder when the hydraulically-operated

elevator in which he was riding descended below the basement floor and contacted the buffers at the bottom of the elevator shaft. However, the evidence suggested that the impact was not sufficient to have caused injury. A fellow passenger testified that when the elevator came to rest, the plaintiff was standing next to him. Only after the witness climbed out of the elevator and looked back did he see the plaintiff lying on the floor of the elevator cab. An expert for the defendant testified that "the rated speed of the elevator was a 'relatively slow' 3.3 feet per second" and that the force of a sudden stop was equivalent to "jumping off a curb" (*id.* at 319). As here, the question posed to the jury in *Bustamante* was whether the defendant's negligence was a cause of the *accident*, to which it likewise responded in the negative.

In *Ohdan v City of New York* (268 AD2d 86, 89 [2000], *lv denied* 95 NY2d 769 [2000]), this Court noted, "The issue of whether a defendant's negligence was a proximate cause of an accident is separate and distinct from the negligence determination. A defendant may act negligently without that negligence constituting a proximate cause of the accident" (*see Rubin v Pecoraro*, 141 AD2d 525, 527 [1988] [despite "some negligence" on defendant's part, plaintiff who crossed street from between parked cars, without looking, and walked into side of defendant's automobile, was sole proximate cause of the accident]). The matter at bar, like *Bustamante*, illustrates the further distinction that a defendant's negligence may be a proximate cause of an accident without being the proximate cause of the injuries claimed to have been sustained by the plaintiff (*Bustamante*, 195 AD2d at 319 ["the operative question is whether or not the accident was the proximate cause of plaintiff's *injury*"], citing Prosser, Torts § 30, at 143 [4th ed]).

Here, as in *Bustamante*, "[t]here is ample evidence which could have led the jury to conclude that, while defendant's negligence caused the accident, the requisite nexus between that event and plaintiff's condition was absent" (*id.*). Defendants' closing statement indicates that the parties heatedly contested whether the injuries claimed by Pelayo Rodriguez could possibly have resulted from the impact caused by an apparently minor collision. From the evidence received at trial, "the jurors might well have concluded that the accident was not the proximate cause of plaintiff's ailment" (*id.* at 320).

The difficulty in interpreting the jury verdict is the result of a disparity between written instructions included in the verdict questionnaire and the court's charge, as reflected by the wording of the particular interrogatory put to the jury. The court instructed the jury, without objection, that it must determine whether defendant Infante was negligent and whether "his negligence contributed in causing the accident." By contrast, the instructions printed on the first page of the verdict questionnaire correctly state that to hold a party liable the jury must find, first, that such party was negligent and, second, "that the negligence of that party was a substantial contributing factor in causing injury to the plaintiff." However, the interrogatories actually posed to the jury were: "1. Was the defendant Harol A. Infante negligent?" and "2. Was this negligence a substantial contributing factor in causing the accident of January 8, 2000?"

The jury verdict is ambiguous. By answering "Yes" to the first question and "No" to the second, it is certainly conceivable that the jury followed the instructions written on the questionnaire and found that although Infante was negligent, his negligence was not "a substantial contributing factor in causing injury to the plaintiff." However, as we noted in *Bustamante*, "it is inappropriate to engage in speculation regarding the process by which the jury arrived at the verdict" (*id.*). The issue determined by the jury, as reflected in its answers to the questions posed, is that Infante's negligence did not substantially contribute to causing the *accident*, leaving unanswered the ultimate question of whether Infante's negligence was a proximate cause of the *injuries* allegedly sustained by Pelayo Rodriguez.

Whatever might have been concluded by the jurors with respect to the cause of the injured plaintiff's infirmities, the verdict returned by them, as reflected by their answers to its particular interrogatories, cannot be reconciled with any reasonable view of the evidence. The finding that Infante was negligent in the operation of his vehicle—by failing to maintain a proper distance from the vehicle ahead or driving at an excessive rate of speed in view of traffic conditions—is inconsistent with the finding that his negligence was not a substantial cause of the *accident* (*see Capo v Desmond*, 137 AD2d 780 [1988], *supra*). Vehicle and Traffic Law § 1129 imposes "a duty to be aware of traffic conditions, including vehicle stoppages" (*Johnson v Phillips*, 261 AD2d 269, 271

[1999]). The law creates a presumption that a collision with a stationary vehicle gives rise to a prima facie case of negligence, and "[t]his rule has been applied when the front vehicle stops suddenly in slow-moving traffic" (*id.*, citing *Mascitti v Greene*, 250 AD2d 821 [1998]). Infante's failure to provide a sufficient, nonnegligent explanation for the collision contradicts the jury's finding that the driver of the stationary vehicle was the sole proximate cause of the accident (*see Crowder v Wells & Wells Equip., Inc.*, 11 AD3d 360 [2004]; *DeAngelis v Kirschner*, 171 AD2d 593, 594 [1991]). Infante's claim that the driver of the leading vehicle stopped suddenly does not constitute a sufficient, nonnegligent explanation for the collision under the circumstances (*see Kolasa v Ahmed*, 11 AD3d 394, 395 [2004]; *Higgins v Ridgewood Sav. Bank*, 262 AD2d 357, 359 [1999]; *Danza v Longieliere*, 256 AD2d 434, 435 [1998], *lv dismissed* 93 NY2d 957 [1999]), nor does his contention that the leading vehicle failed to signal a turn (*Johnson*, 261 AD2d at 272). Thus, there is no valid line of reasoning and permissible inferences that would lead a rational jury to conclude that Infante's negligence was not a proximate cause of the accident (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

The verdict returned by the jury in this matter is not supported by the evidence. As a matter of law, Infante's negligence caused the accident; however, it remains to be determined whether injury resulted from such negligence, and a new trial is required at which the jury is to be instructed to decide whether Harol Infante's negligence in the operation of his motor vehicle was a substantial cause of the injuries alleged to have been sustained by Pelayo Rodriguez.

Accordingly, the order of the Supreme Court, Bronx County (Patricia Anne Williams, J.), entered June 13, 2005, which denied plaintiffs' motion to set aside the jury verdict in defendants' favor, should be reversed, on the law, without costs, the motion granted, the judgment vacated, a finding made that, as a matter of law, defendant Infante's negligence caused the accident, and the matter remanded for a new trial to determine whether plaintiff's injuries were sustained as a result of Infante's negligence and any other remaining issues.

MAZZARELLI, SAXE, MARLOW and CATTERSON, JJ., concur.

Order, Supreme Court, Bronx County, entered June 13, 2005, reversed, on the law, without costs, plaintiffs' motion to set aside the verdict granted, the judgment vacated, a find-

ing made that, as a matter of law, defendant Infante's negligence caused the accident, and the matter remanded for a new trial to determine whether plaintiff's injuries were sustained as a result of Infante's negligence and any other remaining issues.