JOANN F. COOGAN, Plaintiff, v EDWARD J. TORRISI et al., Appellants, and JOSEPH J. SREDNICKI et al., Respondents. [849 NYS2d 621]—

In an action to recover damages for personal injuries, the defendants Edward J. Torrisi and John E. Torrisi appeal, as limited by their brief, from so much of an interlocutory judgment of the Supreme Court, Putnam County (O'Rourke, J.), entered August 15, 2006, as, upon a jury verdict finding them 80% at fault and the defendants Joseph J. Srednicki and Joseph R. Srednicki 20% at fault in the happening of the accident, is in favor of the plaintiff and against them on the issue of liability.

Ordered that the interlocutory judgment is affirmed insofar as appealed from, with costs.

The appellants' contention that they were deprived of a fair trial because of the alleged prejudicial effect of limited testimony elicited regarding the presence of alcoholic beverages at their home on the day of the accident is unpreserved for appellate review (*see Friedman v Marcus*, 32 AD3d 820 [2006]; *Doyle v Nusser*, 288 AD2d 176 [2001]). In any event, reversal would not be warranted on this basis since the appellants failed to estab-

lish that this limited testimony divert[ed] the jurors' attention from the issues to be determined,' or otherwise deprived the [appellants] of a fair trial" (*Vingo v Rosner*, 29 AD3d 896, 897 [2006], quoting *Torrado v Lutheran Med. Ctr.*, 198 AD2d 346, 347 [1993]).

It was not error for the court to charge the jury that the appellant John E. Torrisi's violation of the Vehicle and Traffic Law was negligence per se (*see* Vehicle and Traffic Law § 501 [5] [a]; § 509 [3]; § 1129 [a]; § 1180 [a]). A restriction placed upon John E. Torrisi's learner's permit requiring him to have a licensed adult driver supervising his actions when driving related directly to the actual operation of the vehicle. Accordingly, the statute sets up a standard of care, the unexcused violation of which is negligence per se (*see Ciatto v Lieberman*, 266 AD2d 494, 495 [1999]; *Dalal v City of New York*, 262 AD2d 596, 597-598 [1999]; *Cordero v City of New York*, 112 AD2d 914, 916 [1985]). Ritter, J.P., Santucci, Miller and Balkin, JJ., concur.