■ MARIA BIZZOCO, Appellant, v COUNTY OF WESTCHESTER et al., Defendants, and CITY OF RYE, Respondent. (And a Third-Party Action.) [890 NYS2d 353]—

The plaintiff was injured when she fell while descending a staircase in a park owned by the defendant City of Rye. The plaintiff commenced this action to recover damages for personal

injuries and, at trial, she argued that the City's negligent failure to install a handrail on the staircase caused the accident. A jury returned a verdict in which it found that the City was negligent, but that its negligence was not a substantial factor in causing the plaintiff's accident.

Contrary to the plaintiff's contention, the evidence adduced at trial did not warrant instructing the jury under PJI 2:71 as to concurrent causes (*see Rodriguez v Budget Rent-A-Car Sys., Inc.*, 44 AD3d 216, 220 [2007]). The Supreme Court's charge, as a whole, conveyed the applicable legal principles and sufficiently instructed the jury as to the law of proximate cause (*see Blum v Cain*, 38 AD3d 701 [2007]; *Fricker v New York City Off Track Betting Corp.*, 213 AD2d 590 [1995], *cert denied* 516 US 1114 [1996]; *Scandell v Salerno*, 155 AD2d 523 [1989]).

The plaintiff's remaining contentions are without merit. Covello, J.P., Santucci, Chambers and Hall, JJ., concur.