■ In the Matter of Samson R. Lindo, Petitioner, v Brian S. Fischer, as Commissioner of Correctional Services, Respondent. [903 NYS2d 543]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of cannabinoids. Following a tier III disciplinary hearing, he was found guilty of the charge and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, testimony of the correction officers who collected and tested petitioner's urine specimen, and the positive urinalysis test results and related documentation provide substantial evidence supporting the determination of guilt (*see Matter of Livingston v Fischer*, 52 AD3d

---

1152, 1153 [2008], *lv denied* 11 NY3d 707 [2008]; *Matter of Booker v Artus*, 51 AD3d 1235 [2008]). Any discrepancies on the urinalysis testing worksheet were adequately explained by the correction officer who tested the sample and verified the accuracy of the test results (*see Matter of Victor v Goord*, 309 AD2d 1026, 1026-1027 [2003]; *Matter of Uttinger v Goord*, 284 AD2d 826 [2001]). Moreover, we reject petitioner's contention that the misbehavior report was not completed in accordance with 7 NYCRR 251-3.1 (b) because it was not endorsed by the correction officer who collected the specimen. The basis for the finding of misconduct was the testing of the sample, not its collection, and the subject officer was not involved in the testing process (*see Matter of Devivo v New York State Dept. of Correctional Servs.*, 306 AD2d 600, 600-601 [2003], *lv denied* 100 NY2d 515 [2003]). Likewise, there is no merit to petitioner's claim that he was improperly denied the right to have other inmates who provided urine specimens on the day in question testify at the hearing inasmuch as their testimony would have been irrelevant or redundant to the charges (*see Matter of Graziano v Selsky*, 9 AD3d 752, 753 [2004]; *see also Matter of Prentiss v Selsky*, 7 AD3d 905 [2004]). Petitioner's remaining contentions are either unpreserved for our review or are lacking in merit.

Spain, J.P., Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.