■ In the Matter of AL BLAKE, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [927 NYS2d 811]—

Petitioner submitted to a random urinalysis test. When his sample twice returned a positive result, petitioner was charged in a misbehavior report with violating a prison disciplinary rule prohibiting drug use. Following a tier III disciplinary hearing, petitioner was found guilty of the charge and this determination was upheld on administrative review. Petitioner thereafter commenced this CPLR article 78 proceeding.

The misbehavior report, positive urinalysis test results and testimony of the correction officer who tested the sample provide substantial evidence supporting the determination of guilt (*see Matter of Stanford v Fischer*, 77 AD3d 1013, 1013 [2010]; *Matter of Rampersant v Fischer*, 75 AD3d 1018, 1018 [2010]; *Matter of Odome v Goord*, 8 AD3d 921, 922 [2004]). Contrary to petitioner's contention, the chain of custody was adequately established through the request for urinalysis form and the testimony of the officers who collected and tested petitioner's sample (*see Matter of Stanford v Fischer*, 77 AD3d at 1013; *Matter of Odome v Goord*, 8 AD3d at 922; *Matter of Victor v Goord*, 309 AD2d 1026, 1027 [2003]). Inasmuch as the basis for the finding of misconduct is the positive test results on the sample and not its collection, we reject petitioner's argument that the misbehavior report was deficient because it was not endorsed by the officer who collected the sample (*see Matter of Lindo v Fischer*, 72 AD3d 1295, 1296 [2010]; *Matter of Devivo v New York State Dept. of Correctional Servs.*, 306 AD2d 600, 600-601 [2003], *lv denied* 100 NY2d 515 [2003]). Petitioner's remaining contentions have been considered and found to be unpreserved or without merit.

Spain, J.P., Malone Jr., Kavanagh, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.