*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 11, 2014          517845
_____

In the Matter of DAVID
    MORRISHILL,
                    Petitioner,

        v                                  MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                    Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Stein, J.P., Rose, Egan Jr., Devine and Clark, JJ.

_____

        David Morrishill, Marcy, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.

        After petitioner's urine twice tested positive for marihuana, he was charged in a misbehavior report with drug use. He was found guilty following a tier III disciplinary hearing, and that determination was affirmed on administrative appeal.

This CPLR article 78 proceeding ensued.[1]

        We confirm.  Petitioner signed a document waiving his right to employee assistance and, when he requested assistance at the hearing, the Hearing Officer appropriately acted "by offering to provide him with whatever he would have requested from an assistant" (Matter of Truman v Fischer, 75 AD3d 1019, 1020 [2010]; see Matter of Alvarez v Fischer, 94 AD3d 1404, 1405 [2012], lv denied 96 AD3d 1703 [2012]).  The Hearing Officer properly denied petitioner's ensuing request for the testimony of a correction officer as irrelevant (see Matter of Henderson v Fischer, 98 AD3d 1162, 1163 [2012]).  Likewise, petitioner was not entitled to a copy of the operator's manual for the testing equipment (see Matter of Anderson v Prack, 111 AD3d 1214, 1214 [2013]; Matter of Kussius v Walker, 247 AD2d 911, 912 [1998]; but see Matter of Marshall v Fischer, 103 AD3d 726, 728 [2013]).  The Hearing Officer also appropriately denied petitioner's request for unredacted log book entries that would have identified other inmates who had been tested on the day in question (see Matter of Lindo v Fischer, 72 AD3d 1295, 1296 [2010]).  Petitioner's remaining claims have been examined and found to be meritless.

        Stein, J.P., Rose, Egan Jr., Devine and Clark, JJ., concur.

_____

        [1]  While we agree with petitioner that the petition appears to raise only procedural issues and should not have been transferred to this Court, we will retain jurisdiction in the interest of judicial economy (see Matter of Hernandez v Fischer, 111 AD3d 1042, 1043 n [2013]).

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court