Romero v Middleton (2024 NY Slip Op 51531(U))

[*1]

Romero v Middleton

2024 NY Slip Op 51531(U)

Decided on November 13, 2024

Supreme Court, Bronx County

Howard-Algarin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 13, 2024
Supreme Court, Bronx County

Martin Romero, Plaintiff,

against
Spencer Middleton and Unifirst Corporation, Defendants.

Index No. 27927/2019E

Counsel for plaintiff Martin Romero: Law Offices of Andrew J. Carboy LLC
Counsel for defendant Spencer Middleton: Camacho Mauro, LLP
Counsel for defendant Unifirst Corporation: Camacho Mauro, LLP

John A. Howard-Algarin, J.

The following papers were read on this (Mot. Seq. No. 1) for SUMMARY JUDGMENT and duly submitted on April 23, 2024. 
Notice of Motion — Exhibits and Affidavits Annexed NYSCEF No(s). 13 — 25 
Affirmation in Opposition and Exhibits Annexed NYSCEF No(s). 27 — 30 
Affirmation in Reply and Exhibits Annexed NYSCEF No(s). 32 
In this motor vehicle negligence matter, defendants, Spencer Middleton ("Middleton") and Unifirst Corp. ("Unifirst") (collectively "Defendants"), move, pursuant to CPLR 3211, for an order granting summary judgment and dismissing all claims against them declaring that Plaintiff was negligent in his operation of an electric bicycle at the time their respective vehicles came in contact with each other. Plaintiff, Martin Romero ("Plaintiff"), opposes the motion. For the reasons set forth below, the motion is granted. 
Plaintiff's complaint seeks compensation for personal injuries he claims to have sustained on June 3, 2019, when a box-truck operated by Middleton and owned by Unifirst allegedly steered into Plaintiff's travel path while he operated an electric bicycle ("e-bike") on Morgan Avenue near its intersection with Maspeth Avenue in Brooklyn, New York. Defendants move for dispositive relief asserting that Plaintiff was not paying attention and following too closely when he ran into the back of their box-truck which was stopped at a red light. Plaintiff, alternatively, claims that the accident occurred when Defendant's truck suddenly veered to the right while Plaintiff was traveling straight thereby precluding summary judgment. 
In support of the motion, Defendants submit Plaintiff's and Middleton's deposition transcripts, an affidavit by a witness to the accident, Robert Beach ("Beach"), and the [*2]corresponding police accident report.[FN1]
In relevant part, Plaintiff testified that, in the area where the accident occurred, he was operating an e-bike on Morgan Avenue — a two-way thoroughfare with one travel lane in each direction separated by double yellow lines and no bicycle lane. Plaintiff stated that while traveling, he witnessed two vehicles drive around him, one of them being Defendants' truck. According to Plaintiff, moments before the accident, he observed Defendants' truck stopped about four meters ahead at a red light. Plaintiff testified he was planning to pass the truck and stop at the corner, but as "he almost got to the truck, it moved to the right and it blocked the way" causing Plaintiff to strike the rear of the truck and fall off the e-bike (NYSCEF Doc No. 20 at 41:21-24). 
At his deposition, Middleton testified to driving on Morgan Avenue and observing three cyclists on the road in front of him prior to the accident. After driving around the cyclists, he stopped at a red light behind other vehicles for about three minutes and then felt a bump in the rear of his truck. He looked out of the passenger side mirror and saw someone in the process of kneeling down. Upon stepping out of the truck to investigate, Middleton observed Plaintiff on the floor entangled with an e-bike and a "witness" (Beach) helping move the bike, which was behind the truck, off him. Significantly, in his affidavit, the witness, Beach, avers that he observed Defendants' truck come to a complete stop at the red light and witnessed Plaintiff traveling fast in the same direction as the truck before striking it in the rear. According to Beach, "[a]t the time of impact, the truck was stopped and stationary at the red light" (NYSCEF Doc No. 24 at ¶ 7). 
The proponent of a motion for summary judgment carries the initial burden of tendering sufficient admissible evidence to demonstrate the absence of a material issue of fact as a matter of law (Alvarez v Prospect Hospital, 68 NY2d 320, 324 [1986]). Once the movant has made such a showing, the burden shifts to the party opposing the motion to produce evidence in admissible form sufficient to establish the existence of material issues of fact requiring a trial (see Zuckerman v New York, 49 NY2d 557, 562 [1980]). 
Bicyclists on the road have all the same rights and duties as a driver of a motor vehicle, including keeping a reasonably vigilant lookout and operating the vehicle with reasonable care to avoid collision (see VTL §§ 1146, 1231; see also Palma v Sherman, 55 AD3d 891 [2nd Dept 2008]). Further, Vehicle and Traffic Law § 1123[a] provides that: 
The driver of a vehicle may overtake and pass upon the right of another vehicle only under the following conditions: 1. When the vehicle overtaken is making or about to make a left turn; 2. Upon a street or highway with unobstructed pavement not occupied by parked vehicles of sufficient width for two or more lines of moving vehicles in each direction; 3. Upon a one-way street, or upon any roadway on which traffic is restricted to one direction of movement, where the roadway is free from obstructions and of sufficient width for two or more lines of moving vehicles (VTL § 1123[a]). Furthermore, when a rear end collision occurs, the driver of the front vehicle is entitled to summary judgment on liability unless the driver of the following, rear ending vehicle provides a non-negligent explanation for causing the accident (see VTL § 1129[a]; see also Santana v [*3]Danco Inc, 115 AD3d 560 [1st Dept 2014]; Santana v Tic-Tak Limo Corp, 106 AD3d 572 [1st Dept 2013]). In this case, Defendants have met their prima facie entitlement to summary judgment. Indeed, regardless of whose version of the facts you accept as correct herein, at the time of the underlying incident, Plaintiff, in operating his e-bike, breached a standard of care under the Vehicle and Traffic Law, which violation constitutes negligence per se (see Rodriguez v Budget Rent-A-Car Sys, Inc., 44 AD3d 216, 223-24 [1st Dept 2007]; see also Barbieri v Vokoun, 72 AD3d 853, 856 [2nd Dept 2010]; Coogan v Torrisi, 47 AD3d 669, 670 [2nd Dept 2008]). 
Defendants submitted testimony asserting that their vehicle was stopped at a red light when Plaintiff, proceeding behind it, collided with the rear of the vehicle. That testimony is supported by the sworn affidavit of the fact witness at the scene, Beach, who specifically averred that the truck was stopped at the red light when the plaintiff ran his e-bike into the back of it (NYSCEF Doc No. 24). Critical here, the result does not change if the Court views the facts, as it must, in accordance with Plaintiff's rendition of circumstances (Lemonda v Sutton, 268 AD2d 383, 384 [1st Dept 2000][in considering a defendant's summary judgment motion, a court must accept a plaintiff's pleadings as true and view the facts in a light most favorable to plaintiffs]).
Plaintiff argues that the accident occurred when Middleton suddenly steered Unifirst's box-truck right into the Plaintiff's travel pathway. To be sure, Defendants submitted Plaintiff's deposition transcript wherein he testified that, while trying to pass Defendants' truck on the far-right side of the road, he struck it because Middleton veered the truck right in front of him without signaling. Viewing the facts that way, in light of the Vehicle and Traffic Law's proscription against passing on the right side of a vehicle on a single lane roadway, Plaintiff's attempt to do so when Middleton purportedly began to execute a right turn still constitutes negligence per se (VTL § 1123[a]; see also, Rodriguez v Budget Rent-A-Car Sys, Inc., supra, at 223-24). 
In any event, given his prior testimony that the truck was stopped at the red light before the accident, the Court finds that plaintiff's testimony to the contrary is "self-serving" and insufficient to raise a triable issue of fact, (see Lewis v Rutkovsky, 153 AD3d 450, 455 [1st Dept 2017][stating that "testimony is said to be self-serving when it contradicts prior testimony"]; see also Curanovic v NY Cent. Mut. Fire Ins. Co., 307 AD2d 435, 439 [3rd Dept 2003][stating that "[a]lthough credibility questions are generally reserved for the jury, in certain circumstances credibility may be properly determined as a matter of law"]; Ushman v DiCarlo, 268 AD2d 920, 922 [3rd Dept 2000][stating that "[i]ssues of credibility may . . . be resolved as a matter of law . . . where the claims are conclusory and self-serving"]). 
Accordingly, it is hereby:
ORDERED that Defendants' motion for summary judgment dismissing all claims against them is GRANTED, and the complaint is DISMISSED for want of liability against the answering Defendants; and it is further; 
ORDERED that Defendants shall serve a copy of this Order with notice of entry upon the Plaintiff within 30 days hereof. 
This constitutes the Decision and Order of this Court. 
Dated: November 13, 2024
JOHN A. HOWARD-ALGARIN, J.S.C.

Footnotes

Footnote 1:The police accident report is not certified and thus is not considered in deciding the instant motion (Coleman v Mactas, 61 AD3d 569 [1st Dept 2009]).