■ KENNETH KOSTER, Respondent, v KATHLEEN FENTON, Respondent, and PIETRO AMOROSO et al., Appellants. (Action No. 1.) KATHLEEN A. FENTON, Respondent, v LUIGI AMOROSO et al., Appellants. (Action No. 2.) — In negligence actions to recover damages for personal injuries, defendants Luigi Amoroso and Pietro Amoroso appeal (1) from so much of an interlocutory judgment of the Supreme Court, Kings County (Zeck, J.), entered January 8, 1981, as is in favor of each plaintiff and against the said defendants, after a nonjury trial limited to the issue of liability, and (2) from an order of the same court, dated November 25, 1980, which denied the said defendants' motion for a stay of the trial on the issue of damages pending the appeal from the interlocutory judgment. (The trial court apportioned liability at 60% for Kathleen Fenton and 40% for Luigi and Pietro Amoroso.) Interlocutory judgment modified, on the law and the facts, by vacating the apportionment of liability in each action and adding to the judgment a provision apportioning liability in each action at 85% for Kathleen Fenton and 15% for Luigi Amoroso and Pietro Amoroso. As so modified, interlocutory judgment affirmed insofar as appealed from. Appeal from the order dismissed as academic. Appellants are awarded one bill of costs payable by defendant Kathleen Fenton. Plaintiff Koster is awarded costs payable by appellants. These actions arose out of a collision between two vehicles, the first driven by Kathleen Fenton and owned by Kenneth Koster, the second driven by Luigi Amoroso and owned by his father Pietro Amoroso. Both Koster and Pietro Amoroso were passengers in their respective automobiles at the time of the incident. The accident occurred on the morning of February 26, 1978, on Cypress Avenue, a four-lane street with a solid yellow line dividing northbound from southbound traffic. Immediately prior to the accident, the Koster vehicle was traveling northbound and the Amoroso car was moving southbound. It is undisputed that the collision occurred in the southbound lanes of traffic. Following a nonjury trial, the court found that Ms. Fenton had driven at a speed which prevented her from controlling her vehicle after a skid which had caused her to cross the center dividing line at least twice. The court concluded that her negligence had been the proximate cause of the collision. The court found further that Luigi Amoroso's failure to avoid the collision through proper and careful defensive driving also amounted to negligence and was a contributory cause of the accident. The court apportioned liability at 60% as against Ms. Fenton and 40% as against the Amorosos. In our view, the record does not support this apportionment of liability. The trial court's finding with respect to the Amorosos was predicated on Luigi Amoroso's failure to brake hard and to turn his car away from the oncoming Koster vehicle. As the court found, however, the Amorosos were proceeding at a proper speed, they remained in their lane, and they were struck by an oncoming vehicle which, under the circumstances, was traveling at an excessive rate of speed causing it to cross the center divider. In light of these facts, we conclude that any failure by Luigi Amoroso to take greater defensive action cannot be deemed to amount to more than 15% of the negligence, and we modify accordingly. We have considered the appellants' remaining contentions and find them to be without merit. Mollen, P.J., Damiani, Gibbons and Thompson, JJ., concur.