■ DOROTHY ODOM, Individually and as Administratrix of the Estate of COREY ODOM, Deceased, Respondent, v JOSEPH A. BYRNE et al., Appellants. — In an action to recover damages, *inter alia,* for wrongful death, defendants appeal from so much of a judgment of the Supreme Court, Kings County (Levine, J.), entered April 15, 1983, as, after a nonjury trial, was in favor of the plaintiff in the principal sum of $72,000.

Judgment modified, on the facts, by adding a provision reapportioning the culpable conduct attributable to the parties at 50% to decedent and 50% to defendants, and by reducing the principal sum awarded plaintiff to $5,000. As so modified, judgment affirmed insofar as appealed from, without costs or dis-

bursements, and matter remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment.

This action was brought to recover damages, *inter alia,* for the wrongful death of the decedent, Corey Odom, who was struck and killed by a police car owned by defendant City of New York and operated by defendant Joseph A. Byrne, a police officer. The undisputed evidence adduced at trial established that the accident occurred at approximately 11:00 P.M. on November 5, 1977, while Officer Byrne and his partner were proceeding on a one-way street, with two lanes for moving traffic, in response to a radio call for a "back-up". The roof lights on the police car were activated and the siren was sounding periodically. Both officers first saw decedent at a distance of about 200 feet, standing in the street and moving in an erratic manner. Although there were discrepancies in the officers' testimony regarding decedent's movements immediately prior to impact, it is clear that, at some point, decedent crossed the street in mid-block, from left to right, in front of the police car, and he was struck by the right front side of the car. It is also undisputed that an autopsy of decedent revealed a blood alcohol level of .36 of one percent by weight, and a brain alcohol level of .37 of one percent by weight, indicating symptoms ranging from a complete lack of perception and judgment to symptoms consistent with the onset of a coma.

On the basis of the foregoing, we conclude that the trial court's apportionment of liability of 80% to the defendants and 20% to the decedent was not supported by the record. The culpable conduct attributable to decedent was, in our view, equal to the culpable conduct of defendants (CPLR 1411). Accordingly, we modify the apportionment of liability to 50% for decedent and 50% for defendants (see *Koster v Fenton,* 84 AD2d 783).

With respect to damages, the proof established that decedent had not lived with his wife and two daughters for many years prior to his death, and he had failed to provide them with any significant support since his departure. Moreover, decedent's children were 19 and 20 years old, respectively, at the time of his death and were thus within two years of the termination of their rights to support. Decedent had not even seen the members of his family during the two years prior to his demise, and they did not know where he had been living, whether he had been employed and, if so, the amount of his income.

Damages in a wrongful death action are limited by statute to fair and just compensation for the "pecuniary injuries" suffered by the decedent's survivors, including loss of support, services, voluntary assistance, the prospect of inheritance and medical and funeral expenses (EPTL 5-4.3; *Fell v Presbyterian Hosp.,* 98

AD2d 624, 625). On this record, we must conclude that plaintiff failed to prove damages for which recovery is permitted in the amount awarded by the trial court. Thus, the trial court's verdict in the amount of $90,000, which was diminished by the 20% attributable to decedent's own negligence, was excessive, and must be reduced. In accordance with our power to modify an award of damages after a nonjury trial (CPLR 5522; *Flynn v City of New York,* 103 AD2d 98), we reduce the damages verdict to $10,000, which amount must be further diminished by 50% reflecting decedent's culpable conduct. Therefore, the judgment is modified by reducing the principal sum awarded to $5,000. Lazer, J. P., Bracken, Weinstein and Niehoff, JJ., concur.