OPINION OF THE COURT
Domenick J. Viscardi, J.
Following the trial of this action before a jury, the defendants moved for an order pursuant to CPLR 4545 (a) (formerly CPLR 4010) to reduce the amount awarded for pecuniary loss *146 sustained by the plaintiff’s decedent’s daughters by reason of his death in the amount of $53,000 and the amount awarded for funeral and burial expenses of $4,847 by the amount of Social Security benefits payable to the plaintiff’s decedent’s next of kin by reason of his death and Social Security payments to the administrator of the plaintiff’s decedent’s estate to be applied toward the plaintiff’s decedent’s funeral and burial expenses. The defendants have also moved to set aside the verdict as being excessive on the basis that the evidence was insufficient to sustain a verdict of $53,000 for pecuniary loss.
The plaintiff moved for an order setting aside the verdict as inadequate and requesting that a new trial as to the issue of damages only be held.
On the issue of the adequacy of the verdict, it is well settled that a jury’s assessment of damages should not be disturbed unless it is so excessive or inadequate that it shocks the conscience of the court (Merrill v Albany Med. Center Hosp., 126 AD2d 66, 68). Although not applicable herein, the standard for review of monetary awards has been changed from "shocking the conscience of the court” to that which "deviates materially from what would be reasonable compensation” (CPLR 5501 [c]), as amended by Laws of 1986 (ch 682, § 10, eff July 30, 1986, and applicable to all actions commenced after such date).
Damages in a wrongful death action are limited by statute to fair and just compensation for the pecuniary injuries suffered by decedent’s survivors, including loss of support, services, voluntary assistance, prospect of inheritance and medical and funeral expenses (Odom v Byrne, 104 AD2d 863). From the evidence heard by this court in this matter, this court cannot state that the jury determination shocked the court’s conscience as excessive or inadequate. Therefore, the motions concerning the adequacy of the verdict are denied.
On the issue of reduction of the award based upon Social Security benefits received by the decedent’s next of kin, the defendants contend that since the next of kin are receiving $7,392 per year and based upon seven years the total received will be $51,674 the verdict should be reduced by that amount. The defendant further contends that the amount of $4,847 awarded for funeral and burial expenses should be reduced by any amount paid by Social Security as a result of such expenses.
*147 The question presented is whether CPLR 4545 (a) (formerly CPLR 4010) requires the reduction of the jury award by the amount received by the next of kin and administrator from Social Security.
CPLR 4545 (a) stat.es in part, "In any action for medical, dental or podiatric malpractice”. CPLR 4545 (c) states in part, "In any action brought to recover damages for personal injury, injury to property or wrongful death”. Each subdivision identifies as a collateral source "insurance (except for life insurance)” and "social security (except those benefits provided under title XVIII of the social security act)”. The benefits being received by the next of kin are not title XVIII benefits and thus the defendants contend those benefits shall be used to reduce the award herein.
CPLR 4545 (a) does not specifically state that it is applicable to wrongful death actions, but CPLR 4545 (c) specifically includes wrongful death as an action where collateral source payments may be used to reduce an award. Since the Legislature specifically included wrongful death in a later subdivision of the same section but did not amend CPLR 4545 (a) to include wrongful death, the failure to include wrongful death in CPLR 4545 (a) may be construed as an indication that its exclusion was intended (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 74).
Furthermore, however, the benefits being received are analogous to life insurance benefits. Had decedent had a life insurance policy payable to the recipients there is no question that such benefits could not be used to offset the jury award. In each instance, the one upon whom the tort was committed is not the recipient of the benefit, but the benefit inures to a designated beneficiary or persons designated by law to receive such benefit. It would be an incongruous result to treat these items differently.
For the foregoing reasons the defendants’ motion to reduce the jury awards by the amount of Social Security benefits received and to be received is denied.