ORANGE STEEL ERECTORS, INC., Respondent-Appellant, v NEWBURGH STEEL PRODUCTS, INC., Appellant-Respondent, et al., Defendants. [640 NYS2d 283] —Yesawich Jr., J.

This case arises out of a dispute over payment for certain steel fabrication and construction work performed by plaintiff, in connection with the construction and renovation of Rockland Psychiatric Center in Rockland County (hereinafter the project). Defendant Newburgh Steel Products, Inc. was hired by the general contractor to furnish iron and steel necessary for the project. Newburgh in turn contracted with another firm to install the steel components. In February 1991, when that firm became unable to perform its contractual obligations, Newburgh engaged plaintiff to perform the steel work until the contract firm could return to the job. It was agreed that plaintiff would be paid on a "time and materials" basis for the work it completed.

When it became apparent that the original steel subcontractor would not be able to resume work, Newburgh sought to obtain plaintiff's services for the remainder of the project on a fixed-price basis. The parties agreed upon a contract price of $175,000, but evidently continued to disagree with respect to the scope of the work that was to be performed for that price. A written contract, dated April 3, 1991, was drafted by defendant Paul E. Tibby, Newburgh's vice-president, but never executed by plaintiff.

Plaintiff periodically submitted invoices to Newburgh, with attached work order slips detailing the work for which payment was sought. Although Newburgh paid plaintiff amounts ranging between $5,000 and $15,000, on a more or less weekly basis throughout the spring and summer, the sums paid were, according to plaintiff's proof, made "on account" and, as Tibby testified, bore no relation to the amount that had been billed; the payments were derived, the latter contended, by dividing the $175,000 contract price by the time estimated to complete the project. Tibby admitted that plaintiff had, at times, been paid less than had been invoiced, and at times more.

After each payment check was tendered, Newburgh had plaintiff execute a "Partial and Full Waiver of Liens", displaying the date and amount of the payment, and containing a statement that the signer "acknowledges receipt of partial or full payment for work performed on, or materials supplied to" the project and "acknowledges that no other sums are now due and owing and waives and releases any claims which it may now or hereafter have upon the land and or buildings on this project". Newburgh contends that each of these "waivers" constituted a full release of all claims arising from work performed prior to the date of the waiver. On each of these documents that appears in the record (with two exceptions, noted as clerical errors), however, James Walters, plaintiff's president, had, prior to signing the form, crossed out the phrase "or full" in the first line quoted above. Walters testified that he made this modification to clarify that he was only acknowledging receipt of the amount of the particular check indicated, not full payment of all amounts due, and was merely releasing his right to file a lien as to the amount paid.

Plaintiff brought this action to recover an outstanding balance of approximately $205,000 it claims is still due and owing for work it performed on the project. After a nonjury trial, Supreme Court found that inasmuch as the parties had never had a meeting of the minds as to the scope of the work covered by the contract, no fixed-price agreement had been entered

into, and plaintiff was entitled to payment on a "time and materials" basis for all work performed. The court also concluded that the signed "waivers" did not preclude plaintiff from seeking payment for work performed prior to the execution thereof. Finding plaintiff's total labor charges to be $444,485, with payments received of $253,000, the court awarded plaintiff judgment in the amount of $191,485, plus costs and interest. Newburgh appeals, and plaintiff cross-appeals from the judgment to the extent that the court failed to include, when tallying the invoices, $14,100 for crane operator and equipment charges.

Newburgh argues that it was error for Supreme Court to disregard plaintiff's recurring acknowledgment in the waiver forms that "no sums are now due and owing", by finding that those forms were merely receipts for payment. We disagree. The essence of a waiver is that it is "an intentional relinquishment of a known right" (*American Bridge Co. v State of New York*, 245 App Div 535, 541); the intent to waive a right must be unmistakably manifested, and is not to be inferred from a doubtful or equivocal act (*see, Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968). Here, the form at issue, by its terms, renounces only plaintiff's claims "upon the land and or buildings" of the project, and its intent, plainly, is to protect the owner, not Newburgh; it does not contain any unequivocal statement indicating that plaintiff is forgoing its right to proceed against the latter for amounts owed.

Moreover, the record discloses that when the forms were signed, both parties recognized that they did not bar plaintiff from recovering amounts still due. By crossing out the words "or full", Walters demonstrated his intent to limit the scope of the waiver form. Walters' testimony to this effect, and his averment that he did not intend to waive his right to collect additional money owed his company at the time, were credited by Supreme Court and, not insignificantly, were corroborated by Tibby's admissions. Those admissions included his recognition that the payments did not equal the amounts invoiced, that payments were sometimes made "on account" to other contractors, and that when waivers were executed in those circumstances, they were not meant to release amounts still due and owing. In short, the evidence amply supports Supreme Court's finding that as between plaintiff and Newburgh, the waivers were simply receipts for the money recited therein. And, as there is no satisfactory evidence that Newburgh relied, to its detriment, on plaintiff's acknowledgment that no other sums were due and owing, Newburgh's resort to the estoppel

doctrine is misplaced (see, Waldman v Cohen, 125 AD2d 116, 122).

On its cross appeal, plaintiff urges that the judgment should be amended to include $14,100 in charges for crane rental and operating costs that were invoiced to Newburgh, but unaccountably were not included in Supreme Court's calculation of the amount due. Plaintiff's position has merit. The crane charges are detailed in the invoices and supporting work orders plaintiff submitted to Newburgh, and their validity was not contested. Accordingly, the judgment should be increased by $14,100, plus interest (see, Odom v Byrne, 104 AD2d 863, 865).

Mikoll, J. P., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is modified, on the law, with costs to plaintiff, by increasing the amount awarded to plaintiff by $14,100, plus interest, and, as so modified, affirmed.