■ NAVILLUS TILE, INC., Appellant, v TURNER CONSTRUCTION COMPANY, Respondent, et al., Defendants. [770 NYS2d 3]—

Order, Supreme Court, New York County (Helen Freedman, J.), entered July 16, 2002, which, to the extent appealed from, granted the motion of defendants Turner Construction Company, The Aetna Casualty and Surety Company, Federal Insurance Company and Liberty Mutual Insurance Company, for summary judgment, unanimously reversed, on the law, with costs, the motion denied and the complaint reinstated.

In or about 1995, defendant Turner Construction Company (Turner) entered into a contract with the United States Tennis Association (USTA) for the construction of a new tennis stadium and refurbishing of existing facilities in Flushing Meadows (the construction project). On or about August 10, 1995, Turner entered into a subcontract agreement with plaintiff Navillus Tile, Inc., whereby plaintiff would perform the masonry work for the construction project for the sum of $4,950,000, payable in monthly installments, subject to certain specified adjustments.

Throughout the construction project, plaintiff received partial progress payments from Turner in excess of $6 million for the work performed, each payment being conditioned on plaintiff's signing a Partial Release and Waiver of Mechanics' and Suppliers' Liens (Partial Release) which states in pertinent part:

"The Undersigned [plaintiff], in consideration of payments made to it and other good and valuable consideration received by it, the receipt and sufficiency of which are hereby acknowledged, hereby: (x) waives and releases all liens, actions, debts, claims, demands and other rights now existing, against OWNER [USTA] and CONTRACTOR [Turner] on account of all work, ser-

vices, equipment, and/or materials performed or furnished by it in connection with the construction of the above-referenced Project through and including the date hereof (provided, however, that the foregoing waiver and release are (i) expressly limited, and unconditional, to the extent of, and as covered by, payments actually received by the Undersigned through the date hereof and (ii) conditioned upon receipt of payment (at which time such release shall be immediately effective and unconditional without further action) . . .

"This Waiver is executed and delivered simultaneously with or after receipt of a payment in the amount of ___, and the Undersigned certifies that it has received a total of ___ (including such payment) for the work, services, materials and/or equipment furnished by the Undersigned through the date hereof. The Undersigned represents that the total of all sums now due the Undersigned does not exceed $0.00 and that the amount now due to the Undersigned's subcontractors and suppliers does not exceed $ zero ."

Plaintiff commenced this action seeking, inter alia, to recover from Turner and its surety companies (hereinafter defendants) $1,530,516.69 in unpaid contract balance, and $2,663,804 for extra work occasioned by delays and inefficiencies. After joinder of issue, defendants moved for summary judgment, arguing that by executing the 18 Partial Releases, plaintiff plainly waived its right to payment for the extra work as well as the overage accrued because of USTA's delay. Plaintiff opposed the motion, and the motion court, inter alia, granted defendants' summary judgment motion. Plaintiff now appeals.*

Plaintiff argues the Partial Releases were only receipts pertaining to the specific progress payments owed at the times it submitted them, and, thus, were not general releases covering the more than $4 million defendants owed for extra work, unpaid contract balance, and damages. Moreover, based upon the parties' prior conduct, plaintiff did not intend to waive future claims. Defendants maintain that the Partial Release language is clear, and, inter alia, that plaintiff cannot avoid its unambiguous representation that it was not owed any further compensation.

Plaintiff has raised a triable issue of fact as to specifically what monies the parties intended the Partial Releases to waive. The Partial Releases state that they are "expressly limited, and unconditional, to the extent of, and as covered by, payments

---

* Plaintiff does not address on appeal the denial of its cross motion to dismiss defendants' affirmative defenses as they relate to waiver, release and estoppel.

*actually received* by the Undersigned through the date hereof" (emphasis added). Indeed, "the intent to waive a right must be unmistakably manifested, and is not to be inferred from a doubtful or equivocal act" (*Orange Steel Erectors v Newburgh Steel Prods.*, 225 AD2d 1010, 1012 [1996]). Because of the limiting language of the Partial Releases, it is not "unmistakably manifested" that plaintiff intended to surrender its rights to additional monies, and such waivers "should not be lightly presumed" (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]).

Plaintiff also has raised an issue of fact based on the parties' prior conduct (*see West End Interiors v Aim Constr. & Contr. Corp.*, 286 AD2d 250, 252 [2001] [where waiver purports to acknowledge no further payments owed, but the conduct indicates otherwise, the instrument will not be construed as a release]). Moreover, Turner issued at least 12 change orders after February 2, 1998, the date of the last Partial Release, thus undermining defendants' claim that the parties considered the last Partial Release to have been a final one.

As plaintiff raises genuine issues of fact as to the intent of the parties, the motion court erred in granting summary judgment (*see* CPLR 3212 [b]; *Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 172 [1973] [if there is ambiguity in the terminology used and determination of intent of parties depends on choice among reasonable inferences to be drawn from extrinsic evidence, such determination to be made by a jury]). Concur—Andrias, J.P., Saxe, Sullivan, Rosenberger and Marlow, JJ.