Akeroyd v Soho 311 Dev., Inc. (2015 NY Slip Op 00630)





Akeroyd v Soho 311 Dev., Inc.


2015 NY Slip Op 00630


Decided on January 27, 2015


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2015

Tom, J.P., Acosta, Saxe, Moskowitz, Feinman, JJ.


14033 103925/10

[*1] Shane Akeroyd, Plaintiff-Respondent,
v
Soho 311 Development, Inc., Defendant-Appellant.


D'Agostino, Levine, Landesman & Lederman, LLP, New York (Bruce H. Lederman of counsel), for appellant.
Wrobel Schatz & Fox LLP, New York (David C. Wrobel of counsel), for respondent.



Order, Supreme Court, New York County (Jeffery K. Oing, J.), entered February 11, 2014, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs and the motion granted. The Clerk is directed to enter judgment accordingly.
Given that plaintiff entered into an additional agreement with defendant whereby defendant performed further renovation work for plaintiff on the units at issue, plaintiff waived his right to rescind the purchase agreement based on a previously disclosed error in the description of the condominium's real property (see New York Tel. Co. v Jamestown Tel. Corp., 282 NY 365, 372 [1940]). This is particularly so where the new
agreement expressly reaffirmed the validity of the purchase agreement (cf. Navillus Tile v Turner Constr. Co., 2 AD3d 209, 211 [1st Dept 2003]). Although plaintiff is correct that there are issues of fact as to whether the offering plan's erroneous inclusion of a 2,000-square-foot adjacent lot in the description of the condominium's real property was material (see Weiner v Memphis Uptown Assoc., 168 AD2d 353 [1st Dept 1990]), that issue is irrelevant in light of plaintiff's waiver.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 26, 2015
CLERK