14-2859-cv(L)
U.S. Bank National Assoc., et al v. Dexia Real Estate Capital Markets

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand sixteen.

Present:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

———————————————————————————

U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2006-C28, Acting by and through its Special Servicer CWCapital Asset Management LLC,

> *Plaintiff-Appellee,*

v.                                                       Nos. 14-2859-cv(L)
                                                              14-3582-cv(Con)

DEXIA REAL ESTATE CAPITAL MARKETS, FKA ARTESIA MORTGAGE CAPITAL CORPORATION,

> *Defendant–Third-Party Plaintiff–Appellant.*

———————————————————————————

1

FOR APPELLANT:    KENNETH I. SCHRATER, (Dina R. Kaufman, *on the brief*), Morgan, Lewis & Bockius LLP, New York, NY, and David D. Ferguson, Polsinelli PC, Kansas City, MO.

FOR APPELLEE:    GREGORY A. CROSS (Colleen M. Mallon and Heather Deans Foley, *on the brief*), Venable LLP, Baltimore, MD.

---

Appeal from a judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REVERSED**, and the case is **REMANDED** with instructions that Defendant-Appellant's cross-motion for summary judgment be **GRANTED**.

Defendant-Appellant Dexia Real Estate Capital Markets ("Dexia") appeals from the district court's order granting summary judgment to Plaintiff-Appellee U.S. Bank National Association (the "Trust"). Dexia challenges, *inter alia*, the district court's conclusion that the Trust's claims were timely because the statute of limitations began to run when what the Trust alleges was a defective loan guaranty (the "Guaranty") was required to enforce the defaulting loan and not when Dexia made representations and warranties that the Guaranty was valid and enforceable. *See U.S. Bank Nat'l Ass'n v. Dexia Real Estate Capital Markets*, No. 12-CV-9412, 2014 WL 3368670, at *6 (S.D.N.Y. July 9, 2014). We assume the parties' familiarity with the underlying facts and the procedural history of the case.

On appeal, Dexia argues that the Trust's claims were not timely because the claims for breach of representations and warranties accrued when the Mortgage Loan Purchase Agreement (the "MLPA") was executed. Dexia contends that the MLPA's "material and

2

adverse effect" provision does not define the substantive elements of an actionable breach—but instead "defines what the Trust can recover for the breach and when it can seek that recovery." In light of the New York Court of Appeals's recent decision in *ACE Secs. Corp. v. D.B. Structured Prods., Inc.*, 25 N.Y.3d 581 (2015), and this Court's recent decision in *Deutsche Bank Nat'l Trust Co. v. Quicken Loans Inc.*, 810 F.3d 861 (2d Cir. 2015), we find this argument to be persuasive.

We review a district court's decision to grant summary judgment *de novo*. *Gudmundsson v. United States*, 634 F.3d 212, 216 (2d Cir. 2011). "Summary judgment is appropriate if there is no genuine issue as to any material fact, and if the moving party is entitled to a judgment as a matter of law." *Id.* (internal quotation omitted). We also review *de novo* the district court's application of the statute of limitations. *Golden Pac. Bancorp v. F.D.I.C.*, 273 F.3d 509, 515 (2d Cir. 2001). When sitting in diversity jurisdiction and reviewing New York state law claims, we must apply "law of New York as interpreted by the New York Court of Appeals." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 739 F.3d 45, 48 (2d Cir. 2013) (per curiam).

Under New York law, the six-year limitations period on claims for breach of contract generally runs from the time the contract was breached. N.Y. C.P.L.R. 203(a), 213(2); *see also Ely-Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 402 (1993). Accordingly, "[a] cause of action for breach of contractual representations and warranties that guarantee certain facts as of a certain date—but do not guarantee future performance—accrues on the date those representations and warranties become effective." *Quicken Loans*, 810 F.3d at 865 (citing *ACE*, 25 N.Y.3d at 596).

In this case, the Complaint alleged a breach of the representations and warranties made in the MLPA, including that any agreement executed in relation to the underlying mortgage loans "is a legal, valid, and binding obligation," and that "there is no valid offset, defense, or right to rescission with respect to [any such agreement]." Compl. ¶ 19 (quoting MLPA Schedule I(5–6)). The MLPA specifies that these representations and warranties were made "as of the Closing Date, with respect to . . . each Mortgage Loan." MLPA § 3(b); By the time the Trust filed suit in December 2012, more than six years had passed since the MLPA was executed on October 1, 2006, and the Trust's claims were thus time-barred.

The district court recognized that the repurchase provisions of the MLPA and the related but separate Pooling and Service Agreement (the "PSA"), which state that a breach must "materially and adversely affect[] the value of the affected Mortgage Loan" before the Trust can demand cure and repurchase, *see* PSA § 2.03(a), MLPA § 3(c), are procedural in nature. *U.S. Bank Nat'l Ass'n*, 2014 WL 3368670, at *6. The district court concluded, however, that because the PSA and MLPA also provide that a Document Defect is not material and adverse unless the document is needed "in connection with an imminent enforcement of the mortgagee's rights or remedies," PSA § 2.03(a), MLPA § 3(c), the Trust's claims did not accrue until it required the defective Guaranty to enforce the defaulting loan. *Id.*

The "material[] and adverse[]" effect language does not create a substantive element of an actionable breach for statute of limitations purposes. *Id.* Rather, the language referring to material and adverse effects is part of the contractual provision through which the Trust might seek repurchase as one recourse for a breach of representations and

4

warranties made in the MLPA. Such a remedial mechanism is not an element of breach and does not toll the statute of limitations under New York law. *See ACE*, 25 N.Y.3d at 598 (holding that the failure to repurchase or cure under a substantially similar MLPA is not a substantive condition precedent capable of delaying accrual of a trust's claims). Because the repurchase provision does not create "an independent obligation but merely an alternative contractual remedy to damages, [and] the relevant 'performance' is the truth or falsity" of the representations and warranties, the statute of limitations runs from the time those representations and warranties were made. *Quicken Loans*, 810 F.3d at 867 (citation omitted).

In the alternative, the Trust argues that the cause of action accrues when demand is made and refused, not upon breaches of the representations and warranties made in the MLPA, because demand is a substantive condition precedent. This argument fails because, as previously stated, the underlying *performance* is the truth or falsity of those representations and warranties, as alleged in the Complaint. It thus follows that any demand requirement in the MLPA is merely a procedural condition precedent. *See ACE*, 25 N.Y.3d at 597 (noting that there is a "difference between a demand that is a condition to a party's performance," such that it is substantive, and a "demand that seeks a remedy for a preexisting wrong," such that it is procedural).

We similarly reject the district court's conclusion that even if the MLPA contained a procedural demand requirement, the Trust had no right to make a demand until the material and adverse effect language was satisfied. This argument is effectively equivalent to the Trust's contention that the material and adverse effect language was an essential element of the breach. As explained above, that argument is without merit.

We have considered the remainder of the Trust's arguments and conclude that they are without merit. Because the Trust's claims accrued when the MLPA was executed and its complaint was not filed until more than six years after that date, Dexia is entitled to judgment as a matter of law. We therefore **REVERSE** the judgment of the district court and **REMAND** this case with instructions that Dexia's cross-motion for summary judgment be **GRANTED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk