■ ITHILIEN REALTY CORP., Respondent, v 176 LUDLOW, LLC, Appellant. [33 NYS3d 182]—

Judgment, Supreme Court, New York County (Joan M. Kenney, J.), entered August 28, 2015, awarding plaintiff the total sum of $1,164,161.03, including statutory interest from July 25, 2011 through August 28, 2015 in the amount of $313,126.03, unanimously modified, on the law, to vacate the award of prejudgment interest and remand the matter to Supreme Court for entry of an amended judgment, and as so modified, affirmed, without costs. Appeal from orders, same court and Justice, entered January 8, 2015, which, inter alia, granted plaintiff's motion to strike defendant's answer for failure to comply with discovery demands and directed an assessment of damages against defendant, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The court properly granted the motion to strike defendant's answer inasmuch as the record demonstrates that defendant engaged in willful and contumacious conduct by its failure to comply with the discovery orders and directives of the court and special referee (*see* CPLR 3126; *see e.g. Suffolk P.E.T. Mgt., LLC v Anand,* 105 AD3d 462 [1st Dept 2013]).

There exists no basis to disturb the determinations made by the special referee, including its discovery determinations and its assessment of damages in the amount of the down payment under the parties' contract, and the court's orders confirming the special referee's findings and awarding summary judgment to plaintiff were proper.

However, the court improvidently exercised its discretion in awarding statutory prejudgment interest to plaintiff. The contract's terms, requiring that the down payment be placed in an interest-bearing account, so that the party entitled to the down payment would receive compensation for the deprivation of its use of the money in the form of accrued interest, were sufficiently clear to establish that interest paid at the statutory rate was not contemplated by the parties at the time the contract was formed and that the amount escrowed, including interest earned, should be the exclusive remedy to the wronged party (*see J. D'Addario & Co., Inc. v Embassy Indus., Inc.,* 20 NY3d 113, 117 [2012]). Concur—Sweeny, J.P., Renwick, Moskowitz, Kapnick and Gesmer, JJ.